UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X  Case No.:
PROJWAL PRADHAN,

                              Plaintiff,          <u>COMPLAINT</u>

   -against-

MALEEN BANQUET HALL LLC and MANI SINGH,    <u>PLAINTIFF DEMANDS</u>
*Individually*,                                                         <u>A TRIAL BY JURY</u>

                              Defendants.
-------------------------------------------------------------------X

Plaintiff, PROJWAL PRADHAN, by Plaintiff's attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendant(s), upon information and belief, as follows:

**Nature of the Case**

1. Plaintiff brings this action after suffering constant abuse from his manager, Defendant MANI SINGH—the owner of Defendant MALEEN BANQUET HALL LLC. **Defendant MANI SINGH repeatedly subjected Plaintiff to verbal abuse by calling him "a stupid Nepali animal," "Nepali fucker," and other hateful names. Defendant SINGH's abuse culminated in physical violence when on April 16, 2022, in a drunken rage, he called Plaintiff into a stairwell and punched and kicked him repeatedly, calling him a "stupid Nepali."**

2. Plaintiff complains pursuant to the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code § 8-502(a), *et seq* and the New York Common Law. Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of being: (1) discriminated against on the basis of Plaintiff's national origin (Nepali); (2) assaulted and battered at the hands of his supervisor; and (3) subjected to a hostile work environment

1

created and/or permitted by the Defendants, culminating in Plaintiff's unlawful constructive discharge.

3. Plaintiff brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for **failure to pay minimum wage,** and for **failure to pay overtime wages** for hours worked in excess of forty (40) hours per workweek, and seeks to recover unpaid back wages, an additional amount as liquidated damages, and reasonable attorneys' fees and costs.

4. Plaintiff also complains pursuant to the Wage Theft Prevention Act, New York Labor Law § 195, *et seq.* and seeks to redress the damages she has suffered as a result of Defendants' **failure to give him written notice of wage rates**, including, *inter alia*, his rate of pay.

## Jurisdiction and venue

5. Jurisdiction of this Court is proper under § 216(b) of the FLSA (29 U.S.C. §216 (b)), and 28 U.S.C. §§ 1331 and 1343.

6. The Court has supplemental jurisdiction over Plaintiff's claims brought under state and city law pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## Procedural Prerequisites

8. Contemporaneously with the filing of this Complaint, Plaintiff mailed a copy of the Complaint to the New York City Commission on Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel") pursuant to the notice requirements of Section 8-502 of the New York City Administrative

Code. A copy of the certificate of service of the complaint on the NYCCHR and the Corporation Counsel is annexed hereto as Exhibit A.

### Parties

9. That at all times relevant hereto, Plaintiff is a resident of the State of New York and the County of Queens.

10. Plaintiff's country of origin is Nepal.

11. At all times material, Defendant MALEEN BANQUET HALL LLC ("MALEEN") was and is a domestic limited liability company operating in and existing under the laws of the State of New York.

12. At all times material, Defendant MALEEN was Plaintiff's employer under the NYCHRL.

13. At all times material, Defendant MALEEN operated a banquet hall located at 241-03 Jamaica Avenue, Bellerose, NY 11426 and 241-07 Jamaica Avenue, Bellerose, NY 11426 (hereafter the "Banquet Hall").

14. At all times material, Defendant SINGH is and was the owner of Defendant MALEEN.

15. At all times material, Defendant SINGH was Plaintiff's supervisor and had supervisory authority over Plaintiff.

16. At all times material, Defendant SINGH had the power to directly affect the terms and conditions of Plaintiff's employment.

17. At all times material, Defendant SINGH had the power to direct Plaintiff's daily work activities.

18. Defendant MALEEN and Defendant SINGH are sometimes collectively referred to herein as "Defendants."

19. At all times material, Defendants employed at least 4 employees.

20. Defendants are covered employers under the FLSA.

21. Defendants are covered employers under the New York Labor Law.

22. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, both Defendants are liable as "employers" under the FLSA.

23. Upon information and belief, Defendant MALEEN grossed more than $500,000 in the past fiscal year, and further, during Plaintiff's employment by Defendants, they routinely engaged in activities which facilitated or related to interstate or foreign commerce while on the job. This includes, sales of food and beverages which are imported from across state lines.

## Material Facts

24. On or about July 24, 2020, Plaintiff was hired by Defendant MALEEN as a "General Manager."

25. Plaintiff was compensated by Defendants at approximately $1,200 per week and worked extraordinarily long hours—often 70-80 hours per week. On occasion, Plaintiff would earn commissions.

26. At no time throughout Plaintiff's employment with Defendants did they give Plaintiff written notice of: wage rates including Plaintiff's rate or rates of pay, overtime rate of pay, how the employee is paid (by the hour, shift, day, week, commission, etc.), the day of his regular payday, or the official name of the employer and any other names used for business.

27. Almost immediately after Plaintiff was hired, Defendant SINGH made his disdain for Nepali people known.

28. Defendant SINGH frequently made offensive and overtly discriminatory comments about Plaintiff and Nepali people generally.

29. Defendant SINGH made discriminatory comments to Plaintiff pertaining to his national origin approximately twice per week.

30. For example, Defendant SINGH would often refer to Plaintiff by calling him "the stupid Nepali," "idiot Nepali," "Nepali mother fucker," "Nepali fucker," and "Nepali bastard."

31. Plaintiff was a hard worker and tried his best to ignore Defendant SINGH's outrageous comments.

32. Plaintiff was always deeply offended by Defendant SINGH's abusive comments but he was cautious about objecting too strongly out of fear of losing his job.

33. There was no human resources department to whom Plaintiff could direct a complaint of discrimination.

34. When Defendant SINGH became violent at the Banquet Hall, Plaintiff could no longer continue in his employment.

35. On or about April 16, 2022, while Plaintiff was working another late event at the Banquet Hall, Defendant SINGH grabbed Plaintiff and pulled him into a stairwell. Plaintiff was shocked.

36. Defendant SINGH had been sitting at the bar, consuming alcohol, and had become visibly intoxicated.

37. When Defendant SINGH pulled Plaintiff into the stairwell, he mumbled hateful speech and slurs at Plaintiff.

38. Defendant SINGH was referring to Plaintiff as "the Nepali mother fucker" and "Nepali bastard."

39. Then Defendant SINGH raised his hand and smacked Plaintiff in the head. Then he closed his fists and started punching, and even kicking Plaintiff repeatedly.

40. Plaintiff held his hands out open in front of him, trying to keep Defendant SINGH at arms' length. Plaintiff was in complete shock that he was being attacked by his intoxicated boss.

41. Plaintiff was shouting at Defendant SINGH to back off.

42. Finally, Defendant SINGH, exhausted, stopped his attack.

43. Plaintiff and Defendant SINGH walked back into the event space in the Banquet Hall.

44. Plaintiff could not return to work after the assault and battery he suffered.

45. Plaintiff was treated at Long Island Jewish Medical Center due to the attack by Defendant SINGH.

46. No reasonable person in Plaintiff's shoes could be expected to continue employment after being forced to endure such an attack.

47. Plaintiff filed a police report against Defendant SINGH the next day and criminal charges against him are currently pending.

48. Agents of Defendant SINGH have subsequently tried to contact Plaintiff and his wife to ask them to drop the criminal charges pending against Defendant SINGH.

49. Plaintiff is still afraid for his safety and seeks all available remedies against Defendants.

50. To date, Defendant SINGH has still not compensated Plaintiff for his last two weeks of work, i.e., from April 2 through April 16, 2022 (the "Two-Week Period").

51. Plaintiff worked 160 hours during the Two-Week Period and is owed his regular weekly wage, totaling $2,400.

52. Plaintiff is further owed agreed upon commission for events he managed during his final two weeks of work which totals an additional $1,500.

53. Therefore, Plaintiff is owed a total of $3,900 in unpaid compensation.

54. During the Two-Week Period, Plaintiff worked 160 hours and received no compensation.

55. Even at the minimum wage rate, Plaintiff should have been paid 40 hours at the minimum wage rate, plus 40 hours of overtime, per week.

56. Specifically, exclusive of Defendants' agreement to pay Plaintiff $1,200 per week plus commissions, Plaintiff should have at least been paid, for each week of the Two-Week Period: the minimum wage rate ($15/hr) for 40 hours worked ($600) and the overtime rate ($22.50/hr) for 40 hours of overtime worked ($900). That is, Defendants failed to pay **Plaintiff $3,000 in minimum wage and overtime [2 weeks X ($600 + $900) = $3,000]**.

57. Plaintiff regularly worked a spread of hours that exceeded 10 hours per shift.

58. During the Two-Week Period, Plaintiff worked longer than 10-hour days during 12 days.

59. Therefore, Plaintiff is further owed an additional hour of minimum wage payment for each of the 12 days when he received no wages during the Two-Week period.

60. **Specifically, plaintiff is owed $180 in spread-of-hours-pay ($15/hr X 12 days), when his hours worked exceeded 10 in a single day.**

61. But for Defendant SINGH's position at Defendant MALEEN, Defendant SINGH would not have been able to subject Plaintiff to the discriminatory treatment and hostile work environment alleged above.

62. Plaintiff was repulsed, offended, disturbed, humiliated, and disgusted by this blatantly unlawful harassment and hostile work environment.

63. Defendants created a hostile work environment which unreasonably interfered with Plaintiff's ability to perform Plaintiff's job.

64. The above are just some of the ways Defendants regularly and continually harassed the Plaintiff while employing Plaintiff.

65. Defendants treated Plaintiff this way solely due to Plaintiff's national origin (Nepali).

66. Defendants acted intentionally and intended to harm Plaintiff.

67. Defendants unlawfully harassed, humiliated, degraded, and belittled Plaintiff. As a result, Plaintiff suffers loss of rights, emotional distress, and loss of income.

68. Plaintiff's performance was, upon information and belief, above average and satisfactory while working for Defendants.

69. Plaintiff has also suffered the loss of income as a result of his constructive discharge, and Defendants failure to pay Plaintiff for his final two weeks of employment.

70. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

71. Defendants acted maliciously, willfully, outrageously, and with full knowledge of the law.

72. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

**First Cause of Action for Discrimination**
**Under the New York City Administrative Code**
**(Against all Defendants)**

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. The New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

75. Defendants violated the section cited herein as set forth in that Plaintiff was subjected to a hostile work environment.

**Second Cause of Action for Discrimination
Under the New York City Administrative Code
(Not Against Corporate Defendant)**

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

78. Defendant SINGH violated the section cited herein as set forth.

**Third Cause of Action For Vicarious Liability
Under the New York City Administrative Code
(Not Against Individual Defendant)**

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

80. NYCHRL § 8-107(13) is entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor." It provides that:

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
>
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory

responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

81. Defendant MALEEN violated the section cited herein as set forth.

### Fourth Cause of Action for Assault and Battery
### Under the New York Common Law
### Against Defendant SINGH

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

83. By his actions as set forth above, Defendant SINGH subjected Plaintiff to assault and battery. Defendant SINGH intentionally subjected Plaintiff to harmful and/or offensive physical contact.

84. Defendant SINGH further intentionally placed Plaintiff in imminent reasonable apprehension of a harmful and/or offensive physical contact.

85. Defendant SINGH did make unwanted offensive physical contact with Plaintiff when he struck him repeatedly with his hands, fists, and feet.

86. As a result of this harmful and/or offensive contact and/or reasonable apprehension of the same, Plaintiff sustained physical injuries and emotional harm.

### Fifth Cause of Action for Unpaid Minimum Wages
### Under the Fair Labor Standards Act
### Against All Defendants

87. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

88. Defendants willfully employed Plaintiff in the aforementioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate for her employment.

89. Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with the Act was a direct violation of the Act, specifically 29 U.S.C. § 206.

90. Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

91. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

### Sixth Cause of Action for Unpaid Overtime
### Under the Fair Labor Standards Act
### Against All Defendants

92. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

93. Defendants have willfully employed Plaintiff for workweeks longer than forty (40) hours and have failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one-and-one-half times the rate at which she was employed.

94. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. § 201, *et seq.*, and its implementing regulations.

95. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. § 207.

96. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. § 255.

97. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

### Seventh Cause of Action for Unpaid Minimum Wages
### Under the New York Labor Law § 652(1)
### Against All Defendants

98. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

99. Plaintiff was an employee of Defendants within the meaning of New York Labor Law.

100. Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work.

101. Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

102. Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142.

103. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

104. Defendants' actions were willful.

105. Defendants' failure to comply with the New York State Labor Law and New York's Minimum Wage Order caused Plaintiff to suffer loss of wages.

### Eighth Cause of Action for Unpaid Overtime
### Under the New York Labor Law
### Against All Defendants

106. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

107. Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190 and 651.

108. Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL § 170 during the Two-Week Period.

109. Defendants have violated Plaintiff's rights to overtime pay under N.Y.C.R.R. Title 12 142-2.2.

110. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

111. Defendants' failure to pay proper overtime wages was willful.

112. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre and post-judgment interest, pursuant to NYLL §§ 198 and 663(1).

**Ninth Cause of Action for Unpaid Spread-Of-Hours Pay
Under the New York Labor Law
Against All Defendants**

113. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

114. Defendants employed Plaintiff within the meaning of NYLL § 2, 190 and 651.

115. Defendants failed to pay Plaintiff spread-of-hours wages, in violation of NYLL § 21(11) and N.Y.C.R.R. Title 12, § 142-2.4, which states that "[a]n employee shall receive one hour's pay at the basic minimum wage rate in addition to the minimum wage required in this part for any day in which… the spread of hours exceeds 10 hours."

116. Defendants' failure to pay Plaintiff spread-of-hours wages during the Two-Week Period was willful.

117. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants damages in the amount of unpaid spread-of-hours wages and an amount equal to 100% of

Plaintiff's unpaid spread-of-hour wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre and post-judgment interest pursuant to NYLL §§ 198 and 663(1).

**Tenth Cause of Action**
**Violations of the Wage Theft Prevention Act**
**Against All Defendants**

118. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

119. Defendants failed to give Plaintiff written notice regarding: his regular rate of pay, how he was to be paid logistically, his "regular payday," the official name of the employer and any other names used for business, the address and telephone number of the employer's main office or principal location, in violation of NYLL § 195.

120. Plaintiff has been damaged as a result of Defendants failure to provide him with such written notice.

121. As Defendants' failure to provide the aforementioned notices occurred for the entirety of Plaintiff's employment, he is entitled to the maximum amount available under the law.

**Jury Demand**

122. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

    A. Declaring that Defendants engaged in unlawful employment practices prohibited by the New York City Administrative Code, § 8-107, *et seq.*, in that Defendants discriminated against Plaintiff based on Plaintiff's national origin (Nepali) and created and/or permitted him to suffer a hostile work environment at the hands of his supervisor;

B. Declaring Defendant SINGH violated the New York Common Law when he subjected Plaintiff to an assault and battery;

C. Declaring that Defendants engaged in unlawful employment practices prohibited by the Fair Labor Standards Act and the New York State Labor Law by failing to pay Plaintiff earned wages, overtime wages and spread of hours pay;

D. Awarding damages resulting from Defendants' unlawful harassment, discrimination and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

E. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

F. Awarding Plaintiff economic damages for lost wages incurred as a result of Defendants' unlawful acts, including backpay and front pay, and unpaid wages during Plaintiff's final two weeks of employment;

G. Awarding Plaintiff punitive damages;

H. Awarding Plaintiff liquidated damages for all violations of the New York Labor Law and the Fair Labor Standards Act;

I. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

J. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
June 15, 2022

                                PHILLIPS & ASSOCIATES,
                                ATTORNEYS AT LAW, PLLC

By: _____
      Steven Fingerhut
      *Attorneys for Plaintiff*
      45 Broadway, Suite 430
      New York, New York 10006
      (212) 248-7431
      sfingerhut@tpglaws.com

# EXHIBIT A



*Attorneys at Law*
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

June 16, 2022

<u>Via U.S. Mail, Certified, Return Receipt Requested</u>
Carmelyn P. Malalis, Chair
New York City Commission on Human Rights
P.O. Box 511
Bronx, NY 10469

<u>Via Email</u>
Georgia M. Pestana
Acting Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, NY 10007
ServiceECF@law.nyc.gov

Re: *Projwal Pradhan v. Maleen Banquet Hall LLC and Mani Singh, Individually*

Ms. Malalis & Mr. Pestana:

  Pursuant to the notice requirements of Section §§ 8-107, et. sq. of the <u>New York City Administrative Code</u>, please find enclosed copies of the Complaint in the above-referenced action. This complaint is being filed in the United States District Court for the Eastern District of New York.

  Thank you for your attention. Please contact this office should you have any questions.

Respectfully submitted,

Steven Fingerhut