UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                        :

**PROJWAL PRADHAN**,

                                Plaintiff,

                – against –

**MALEEN BANQUET HALL AND MANI SINGH,** *individually*,

                              Defendants.
------------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

22-CV-3533 (AMD) (JMW)

**ANN M. DONNELLY**, United States District Judge:

       The plaintiff alleges that the defendants underpaid him in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (ECF No. 1 ¶¶ 87-97.) The plaintiff also alleges various state law tort, discrimination, and employment claims.[1] Before the Court is the defendants' motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the defendants' motion is denied.

## BACKGROUND

       The individual defendant Mani Singh owns the defendant Maleen Banquet Hall LLC ("Maleen"). (*Id.* ¶ 14.) The defendants hired the plaintiff as a "General Manager" on July 24, 2020. (*Id.* ¶ 24.)

---

[1] The plaintiff alleges the following state law claims: (1) discrimination under New York City Administrative Code §§ 8-107(1), (6) (*id.* ¶¶ 73-75); (2) discrimination under New York City Administrative Code § 8-107(6) (*id.* ¶¶ 76-78); (3) vicarious liability under New York City Administrative Code § 8-107(13) (*id.* ¶¶ 79-81); (4) assault and battery under New York Common Law (*id.* ¶¶ 82-86); (5) unpaid minimum wages under New York Labor Law § 652(1) (*id.* ¶¶ 98-105); (6) unpaid overtime wages under New York Labor Law § 170 (*id.* ¶¶ 106-112); (7) unpaid spread-of-hours pay under New York Labor Law § 21(11) and NYCRR 12 § 142-2.4 (*id.* ¶¶ 113-117); and (8) violation of the Wage Theft Prevention Act under New York Labor Law § 195 (*id.* ¶¶ 118-121).

The plaintiff alleges that Singh frequently made offensive and overtly discriminatory remarks about the plaintiff's Nepali national origin and about Nepali people in general. (*Id.* ¶¶ 28-29.) The plaintiff also alleges that Singh was intoxicated on April 16, 2022, and "raised his hand and smacked the plaintiff in the head," and punched and kicked the plaintiff repeatedly. (*Id.* ¶¶ 35-42.) The plaintiff worked 160 hours in his final two weeks of employment but was not compensated. (*Id.* ¶¶ 54-55.)

The defendants move to dismiss the complaint for failure to state an FLSA claim. They argue that because the plaintiff was an exempt "manager" under the FLSA, his wage claim does not establish FLSA liability. The defendants also argue that the court has no jurisdiction over his state law claims because the plaintiff does not state a claim under the FLSA. (ECF No. 23 at 3, 11, 13.)

## LEGAL STANDARD

"Determining the existence of subject matter jurisdiction is a threshold inquiry," *Morrison v. Nat'l Australia Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010), and dismissal is proper under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate" the claim, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* A court deciding a motion to dismiss pursuant to Rule 12(b)(1) may consider evidence outside of the pleading, *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986), but must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff, *Lunney v. United States,* 319 F.3d 550, 554 (2d Cir. 2003).

In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Pleadings are to be construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

## DISCUSSION

### I. The FLSA Managerial Exemption

The FLSA "shall not apply with respect to any employee employed in a bona fide executive, administrative, or professional capacity . . . ." 29 U.S.C. § 213 (a)(1). "While the FLSA does not define 'bona fide executive, administrative, or professional' employment, it instead directs the Secretary of Labor to 'define[] and delimit[]' those terms 'from time to time by regulation.'" *Ramos v. Baldor Specialty Foods, Inc.,* 687 F.3d 554, 559 (2d Cir. 2012); *see also* 29 U.S.C. § 213(a)(15), 1974 Amendments, § 29(b), 88 Stat. 76.

Using this authority, the Secretary of Labor defined "the term 'employee employed in a bona fide administrative capacity'" under § 13(a)(1) of the FLSA as any employee who is:

> (1) Compensated on a salary or fee basis . . . at a rate of not less than $684 per week . . . exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgement with respect to matters of significance.

3

29 C.F.R. § 541.200. All three prongs must be met for the exemption to apply. *Schmidt v. Emigrant Industrial Sav. Bank,* 148 F.2d 294, 295 (2d Cir. 1945). The employer bears the burden of proof for this exemption. *Harper v. Gov't Emples. Ins. Co.,* 754 F. Supp. 2d 461, 463 (E.D.N.Y. 2010). Because the FLSA is a remedial statute, its exemptions are to be construed narrowly against the employer. *See Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392 (1960).

      a.    **The managerial exemption is an affirmative defense and mixed question of law and fact.**

"The application of an exemption to the FLSA is an affirmative defense, which may be raised in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint . . . . A plaintiff is not required to plead the absence of such a defense." *Chen v. Major League Baseball Properties, Inc.,* 798 F.3d 72, 81 (2d Cir. 2015); *see also* 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2016) ("[T]he complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy, but for this to occur, the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion"). Here, dismissal under the managerial exemption is unwarranted because the affirmative defense is not apparent on the face of the complaint. *Debejian v. Atl. Testing Lab'ys, Ltd.*, 64 F. Supp. 2d 85, 88 (N.D.N.Y. 1999) ("Whether an exception applies to the FLSA is an affirmative defense on which the employer has the burden of proof.")

Additionally, "[t]he exemption question under the FLSA is a mixed question of law and fact . . . The question of how the employees spent their working time . . . is a question of fact. The question whether their activities excluded them from the overtime benefits of the FLSA is a question of law[.]" *Ramos,* 687 F.3d at 558; *Rubery v. Buth-Na-Bodhaige, Inc.*, 470 F. Supp. 3d 273 (W.D.N.Y. 2007) (citing *Harris v. District of Columbia*, 741 F. Supp. 254, 259 (D.D.C.

4

1990) ("Deciding whether an employee is exempt must be a voyage through fact-bound waters."); *Chen*, 798 F.3d at 81 ("Applicability of an FLSA exemption—a necessarily fact-bound inquiry—often will not be ascertainable on the basis of the complaint alone."); *see also Pippins v. KPMG LLP*, 921 F. Supp. 2d 26, 42 (S.D.N.Y. 2012) *aff'd*, 759 F.3d 235 (2d Cir. 2014) (citing *Kidden v. VisuaLex*, 910 F. Supp 2d 523, 532-33 (S.D.N.Y. 2012)) ("A job title is not determinative of whether an employee is exempt under the FLSA."). In *Gallaher v. Goldsmith*, the court held that it could not decide whether the employee was exempt from the FLSA on a motion to dismiss because, given an opportunity to "develop the record plaintiff may be able to demonstrate that, in spite of defendants' assertion to the contrary, he was not an exempted employee and therefore may recover under the act." 213 F. Supp. 2d 496, 498 (E.D. Pa. 2022). The same logic applies here.

   b. **It is unclear whether the plaintiff was employed on a salary basis.**

  Pursuant to 29 CFR § 541.200(a)(1), an exempt manager must be "compensated on a salary or fee basis . . . at a rate of not less than $684 per week . . . exclusive of board, lodging or other facilities." 29 CFR § 541.200(a)(1). According to the Department of Labor, an employee is compensated on a "salary basis" if the employee "regularly receives each pay period on a weekly basis . . . a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in quality or quantity of work." *Id.* § 541.602(a). The first prong of 29 CFR § 541.200 (a)(1) may also be satisfied "if the employee is paid an agreed sum for a single job regardless of the time required for its completion[,]" which the Department of Labor defines as a "fee basis." *Id.* § 541.605(a). In other words, "an employee can be a bona fide executive only if he receives a 'predetermined and fixed salary'—one that does not vary with the precise amount of time he works." *Helix*

5

*Energy Sols. Grp., Inc. v. Hewitt*, 143 S. Ct. 677, 682-83 (2023) (citing 84 Fed. Reg. 41230 (2019)); *see generally Cavalotti v. Daddyo's BBQ, Inc.*, No. 15-CV-6469, 2018 WL 5456654 (E.D.N.Y. 2018).  Alternatively, an employer "may base an employee's pay on an hourly, daily, or shift rate without 'violating the salary basis requirement' or 'losing the [bona fide executive] exemption' so long as two conditions are met."  *Helix*, 143 S. Ct. at 684; *see also* § 541.604(b).  The first condition is that the employer must "guarantee the employee at least $455 each week (the minimum salary level) regardless of the time spent working."  *Id*.  The second condition is that the "promised amount must bear a 'reasonable relationship' to the 'amount actually earned' in a typical week."  *Id*.

   The plaintiff states in his complaint that he was hired as a "General Manager" and "compensated by [the d]efendants at approximately $1,200 per week."  (ECF No. 1 ¶¶ 25-26.)  While the defendants argue the "plaintiff was compensated pursuant to a formal agreement," the complaint alleges that "[a]t no time throughout Plaintiff's employment with Defendants did they give Plaintiff written notice of: wage rates including Plaintiff's rate or rates of pay, overtime rate of pay, how the employee is paid (by the hour, shift, day week, commission, etc.), the day of his regular payday, or the official name of the employer and any other names used for business." (*Id*. at ¶ 26.)  Paragraph 56 of the complaint refers to the defendants' agreement to pay the plaintiff $1,200 per week, plus commissions, but this reference standing alone, does not "plainly and unmistakably" establish that the plaintiff was paid on a salary or fee basis, especially since the plaintiff also alleges ongoing uncertainty as to the mechanics of his compensation.  *See Chen*, 798 F.3d at 81.

   At the motion to dismiss stage, "[p]leadings are to be construed in the light most favorable to the plaintiff."  *Hayden*, 594 F.3d at 160.  Here, it is not obvious that the defendants

6

guaranteed the plaintiff a minimum salary, or that his compensation did not vary based on the amount of time he worked. While the plaintiff concedes "that he was a general manager and had managerial duties when employed with Defendants," he disputes whether he was employed on a "salary basis." (ECF No. 25 at 11.) Thus, further discovery is warranted.

## II.     State Law Claims

Because the motion to dismiss is denied, the Court has jurisdiction over the plaintiff's state law claims. *Espinal v. Ramco Gen. Stores, Inc.*, No. 04-CV-3594, 2005 WL 2086355, at *3 (S.D.N.Y. Aug. 26, 2005).

## CONCLUSION

For these reasons, the defendants' motion to dismiss is denied.

**SO ORDERED.**

                                                  /s/ *Ann M. Donnelly*
                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated:  Brooklyn, New York
        June 29, 2023